IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | * | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. SAG-20-0065 |
| JESSE MEARS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM INTRODUCING AT TRIAL ANY EVIDENCE REGADING A SKI MASK SEIZED FROM MR. MEARS' PERSON IN THIS MATTER

Jesse Mears hereby moves to exclude the government from introducing at trial evidence of a ski mask seized from his person on the date of his arrest pursuant to Federal Rules of Evidence 401, 402, and 403.

Mr. Mears was arrested on September 7, 2019, after the vehicle he was traveling in was stopped by members of the Baltimore City Police Department. Mr. Mears' person was then searched by Officer James Scoglio at which time Officer Scoglio seized a black ski mask from Mr. Mears' left waistband. Officer Scoglio then asked Mr. Mears why he had "a face mask." Mr. Mears responded in sum and substance that he had the mask because it was getting cold and that he sometimes wore the mask as a hat. The possession of the ski mask and the statements made after its seizure are not relevant to the issues the jury must decide at the trial, and if the Court finds they are relevant, any minimal probative value is substantially outweighed by a danger of unfair prejudice and misleading the jury.

Federal Rule of Evidence 402 bars the admission of non-relevant evidence. To be admissible, evidence must have "any tendency to make a fact more or less probable than it would

be without evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The test for relevance in a criminal case is whether the item of evidence tends to prove a matter "properly provable in the case." Fed. R. Evid. 401 Adv. Comm. Note. Mr. Mears is on trial for illegal possession of a firearm and ammunition. Possession of a ski mask and Mr. Mears' explanation for having the mask are completely irrelevant to any element of the one crime charged in this case or any matter the government must prove.

Even if the Court finds that such evidence meets Rule 401's test for relevance, the possession of the mask and Mr. Mears' statements are nonetheless inadmissible under Rule 403. Rule 403 precludes the admission of "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Rule calls for "weighing the need of admission against potential harms." United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993). "When the harmful component becomes unduly prejudicial, a court should exclude it from consideration by the jury." Id.

Here, admission of the ski mask and Mr. Mears' statements would be unfairly prejudicial and misleading to the jury. Jurors may speculate as to why Mr. Mears had possession of what Officer Scoglio calls a "face mask" and conclude that his possession of a face covering (before the COVID-19 pandemic) in the month of September may be evidence that Mr. Mears was intending to cover his face for the purpose of committing some illegal act. As such, this evidence should be precluded from use at trial. See, e.g., United States v. Stewart, No. 5:14-CR-90-FL, 2014 WL 4978502, at *3 (E.D.N.C. Oct. 6, 2014) ("The court agrees [with the defendant and the government] that the risk of unfair prejudice from this evidence [a ski mask and gloves found in

2

the car of a defendant charged with illegal possession of a firearm and ammunition] substantially outweighs its probative value under Rule 403 . . . .").

For these reasons, Mr. Mears requests that the Court preclude the government from admitting any evidence concerning Mr. Mears' possession of a ski mask during the trial of this case.

Respectfully submitted,

/s/
David Walsh-Little (#23586)
Maggie Grace (#29905)
Assistant Federal Public Defenders
Tower II, 9th Floor
l00 South Charles Street
Baltimore, Maryland 21201
Tel: (410) 962-3962
Fax: (410) 962-0872
Email: david_walsh-little@fd.org
maggie_grace@fd.org