IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. SAG-20-065 |
| | * | |
| JESSE MEARS | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION IN LIMINE TO EXCLUDE JAIL CALLS

Jesse Mears moves this Court in limine for an order under Federal Rules of Evidence 401, 402, and 403, and Title III to preclude testimony and evidence regarding jail calls.

Mr. Mears was arrested on September 7, 2019. He has been continually detained since that day. On September 29, 2020, government counsel provided undersigned counsel with a significant number of jail calls. Those calls are dated September 1, 2019 to February 6, 2020. The government has not indicated which, if any, it intends to play during trial. This Court should preclude the government from presenting any testimony and evidence regarding these jail calls under Federal Rules of Evidence 401, 402, and 403 and Title III.

Federal Rule of Evidence 402 bars the admission of non-relevant evidence. To be admissible, evidence must have "any tendency to make a fact more or less probable than it would be without evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Further, under Fed. R. Evid. 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 (Advisory Committee Note). Rule 403 is concerned with "unfair" prejudice, "[t]hat is, the possibility that the evidence will excite the jury to make a

decision on the basis of a factor unrelated to the issues properly before it." Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1134 (4th Cir. 1988).

Counsel has reviewed the jail calls. None of the statements on the jail calls are relevant and, accordingly, should be excluded under Fed. R. Evid. 401. Even if there is any minimal probative value to any of them, it is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury and, accordingly, they should be excluded under Fed. R. Evid. 403. As just one example of the danger of unfair prejudice, all recorded calls begin with a loud admonition that the call is from "[a]n inmate at a Maryland Correctional Facility . . . ." It is beyond debate that jurors should have no knowledge of a defendant's pre-trial incarceration. See United States v. Bennett, 984 F.2d 597, 607-08 (4th Cir. 1993) (finding a prosecutor's question referencing a defendant's pre-trial custody to be "clearly improper"); see United States v. Harris, 703 F.2d 508, 510 (11th Cir. 1983) (noting that knowledge of pretrial detention "robs an accused of the respect and dignity accorded other participants in a trial and constitutionally due the accused as an element of the presumption of innocence, and surely tends to brand him in the eyes of the jurors with an unmistakable mark of guilt"). This is particularly true here, where Mr. Mears has been continually detained, particularly in the midst of a deadly pandemic. Id. ("Jurors may speculate that the accused's pretrial incarceration, although often the result of his inability to raise bail, is explained by the fact he poses a danger to the community or has a prior criminal record; a significant danger is thus created of corruption of the factfinding process through mere suspicion."). If admitted, the jurors will repeatedly hear of Mr. Mears' incarceration and infer that he was jailed for this offense or something else. Both inferences are improper and avoidable.

Furthermore, the calls were unlawfully obtained because the government did not secure

judicial authorization to intercept and record the calls under Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (hereinafter "Title III"). Title III prohibits the unauthorized interception of "any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). It is undisputed that Title III applies to the interception of telephone calls made from jail by prisoners. See, e.g., United States v. Amen, 831 F.2d 373, 378 (2nd Cir. 1987) ("Title III clearly applies to prison monitoring.") (citing cases); United States v. Hammond, 286 F.3d 189, 192 (4th Cir. 2002) ("Although the argument has been made that Title III was not intended by Congress to apply in prisons, it is well accepted that its protections do apply to that context."). Thus, the Court must exclude the taped recordings unless they were obtained pursuant to authorized Title III wiretap or the interception an exception to prohibition against the use of wiretaps. Hammond, 286 F.3d at 192 (BOP recording of conversations). There is no exception that applies in this case.

For these reasons, the Court should exclude testimony and evidence regarding jail calls.

Respectfully submitted,

/s/
David Walsh-Little (#23586)
Maggie Grace (#29905)
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
(410) 962-3962 (phone)
(410) 962-0872 (fax)
Email: david_walsh-little@fd.org; maggie_grace@fd.org