# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# DISTRICT OF MARYLAND
NORTHERN DIVISION
TOWER II, 9TH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA　　　　　　　　　　　　　　　　　　　　　DAVID WALSH-LITTLE & MAGGIE GRACE
FEDERAL PUBLIC DEFENDER　　　　　　　　　　　　　　ASSISTANT FEDERAL PUBLIC DEFENDERS

April 8, 2021

Honorable Stephanie A. Gallagher
United States District Court
101 W. Lombard Street
Baltimore, MD 21201

　　　　Re: United States v. Jesse Mears, Criminal No. SAG-20-065

Dear Judge Gallagher:

　　　　We write to briefly respond to the Government's letter of earlier tonight. The government suggests that the Giglio violation has already been remedied by what happened today: late disclosure, a brief recess and review of Giglio information, and a rush to prepare a cross-examination of Det. Sgt. Ramberg without the opportunity to conduct independent investigation regarding the newly learned information. That is not a remedy and, quite to the contrary, is a vehicle to only promote – not deter –similar conduct in the future. The proposed adverse jury instruction is necessary in this case because Mr. Mears has been significantly prejudiced and there is a need to deter future violations of Brady v. Maryland and its progeny.

　　　　The Court must consider several factors in weighing the appropriate remedy. The Court has already done this, and they weigh one way: in favor of the proposed adverse jury instruction.

　　　　**The reason for the government's delay, and whether the government acted intentionally or in bad faith.** "The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles v. Whitley, 514 U.S. 419, 437-38 (1995). Counsel appreciates the additional background the government has provided in its letter. However, the government still has not provided a satisfactory reason for the failure to learn of the 2019-1959 file as it pertained to Det. Sgt. Ramberg until late the night of April 7, 2021, after Det. Sgt. Ramberg had already testified. Counsel represented in Court today that a "typo" led to the late disclosure. It is confounding that a "typo" would be sufficient for the federal government to avoid learning of a sustained IAD finding. This is even more so true where, presumably during the time frame of the government's "renewed . . . Giglio check" (early March 2021), the government would have been meeting with Det. Sgt. Ramberg to prepare him for his testimony at the motions hearing and then trial. Given Det. Sgt. Ramberg's testimony today, we assume the government did not inquire with him whether there

were recent IAD issues they were not aware of, even though they were aware that the defense was interested in cross-examining him on certain IAD issues.

Moreover, while the government notes that "at every turn" it "attempt[ed] to comply with their disclosure obligations," we do not agree. Of significant concern, all of the information related to PIB No. 2019-1959 was not provided immediately.

The government disclosed the complaint in PIB No. 2019-1959 at 11:54pm on April 7, 2021. On the morning of April 8, 2021, counsel received via USAfx a 5-page document titled "A Summation of Facts in Support of the Allegations," and nothing more concerning this specific complaint. At approximately 11am, the Court heard argument on Mr. Mears' motion for all appropriate relief, including dismissal, based on the government's late disclosures and took the matter under advisement. The Court heard testimony from the government's last witness, Suzanne Gray. Prior to the lunchbreak, it was decided that Det. Sgt. Ramberg would return to Court to be cross-examined.

After the lunchbreak and just immediately prior to the anticipated recalling of Det. Sgt. Ramberg as a witness, the defense put on the record that we believed there was likely more information related to this sustained finding that we had not received. It was only then that the government disclosed that there was, in fact, more information in their possession. In the courtroom, counsel requested certain information from the government and it was provided to the undersigned via USAfx. Counsel was then permitted a brief recess to review two taped statements (of Det. Sgt. Ramberg and Det. Leepa, each approximately 10 minutes in length) and a Notification of Internal Investigation immediately prior to cross-examining Det. Sgt. Ramberg.

**The degree of prejudice suffered by Mr. Mears.** Mr. Mears has suffered significant prejudice. The defense received a single 5-page document along with other body camera and recorded statements related to a second disciplinary complaint around 8:30am this morning via USAfx. Counsel then downloaded the material, reviewed it quickly, and then was in Court around 11am. Counsel did not learn – because the government did not disclose it – that there was additional information related to the complaint at issue until Det. Sgt. Ramberg was present in the Courthouse and he was to be recalled as a witness. At counsel's request, some of the information in the file was provided to allow for review prior to Det. Sgt. Ramberg retaking the witness stand. Mr. Mears did not have an opportunity to independently investigate the information learned today prior to cross-examination. Mr. Mears has suffered prejudice because of the government's continued late disclosures.

**Whether any less severe sanction will remedy the prejudice to Mr. Mears and deter future wrongdoing by the government.** The government is asking the Court for no further sanction. See Letter ("Under the circumstances, the Giglio disclosure at issue does not demand additional sanctions beyond what has already occurred."). But the government has not been sanctioned at all, and only Mr. Mears has been prejudiced. That is simply not what Brady and Giglio allow.

The Federal Rule of Criminal Procedure 5(f) order in this case states explicitly that the failure to timely disclose all exculpatory evidence pursuant to Brady v. Maryland and its progeny

"may result in the imposition of the sanctions referenced in this Order," which include adverse jury instructions. If the new rule is to have any merit, it is in a case such as this, where the government disclosed <u>Giglio</u> evidence after the witness it relates to has already testified and the government failed to provide all of the information in its possession on a timely basis and only key requested portions were provided immediately before cross-examination with no ability to conduct independent investigation. Imposing no sanction – which is what the government is requesting – does not deter any future wrongdoing and serves only to prejudice Mr. Mears.

    Respectfully,

    /s/_____
    David Walsh-Little
    Maggie Grace
    Assistant Federal Public Defenders

Cc:    AUSA LaRai Everett
        AUSA Charles Austin